CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Amanda Seabock, Esq., SBN 289900
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAOLA SCHERER,**<br><br>     Plaintiffs,<br><br>  v.<br><br>**Socorros Restaurant Inc,** a California Corporation<br><br>     Defendants. | **Case No**.<br><br>**Complaint for Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Paola Scherer complains of Socorros Restaurant, Inc. and alleges as follows:

**PARTIES:**

1. Plaintiff Paola Scherer is, and at all times relevant herein was, a California resident and an individual known to have a relationship or association with a person with a disability protected by federal and state antidiscrimination laws. Plaintiff's husband, Gary Scherer, has physical disabilities. He suffers from a form of ataxia that significantly impairs his mobility and thus uses a wheelchair for mobility. Gary Scherer is, and at all times relevant herein was, a "qualified person with a disability" and a

1

Complaint

"physically disabled person" as those terms are defined under the ADA and its implementing regulations (42 U.S.C. § 12102; 28 C.F.R. § 35.104) and California law (Cal. Gov. Code § 12926).

2. Defendant Socorros Restaurant, Inc. owned the Socorro's Restaurant ("Restaurant") located at or about 14657 Victory Blvd., Van Nuys, California, in July 2020 and August 2020.

3. Defendant Socorro's Restaurant, Inc. owns the Restaurant, currently.

4. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is

Complaint

located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

8. On February 9, 2017, Plaintiff's husband, Gary Scherer, filed a lawsuit against the Restaurant, alleging violations of the Americans With Disabilities Act for Defendant's failure to provide sales counters, restrooms and paths of travel at the Restaurant that were accessible to persons with disabilities.

9. The parties subsequently reached a settlement in that matter and the case was closed on June 14, 2017.

10. In July 2020, Plaintiff went to the Restaurant to order and pick up food to take to-go.

11. The Restaurant is a facility open to the public, a place that serves food and drink, a place of public accommodation, and a business establishment.

12. After Plaintiff placed her order, she used Mr. Scherer's debit card to pay. The employee helping Plaintiff recognized the name on the card and announced that this was the person who sued the Restaurant previously. The employee then proceeded to make disparaging remarks about Plaintiff and Mr. Scherer.

13. This was embarrassing and uncomfortable for Plaintiff because there were other customers and employees nearby who heard the employee's remarks and turned to stare at her.

14. Plaintiff returned to the Restaurant against approximately three weeks later in August 2020. The employee who helped her recognized her from the incident in July 2020.

15. This employee also made disparaging remarks to Plaintiff including remarks about how he hopes they do not sue him, too. Plaintiff was again embarrassed and uncomfortable.

16. Plaintiff returned to the Restaurant on several occasions between

Complaint

August 2020 and October 2020. Each time, the employees at the Restaurant who helped them made harassing and hostile remarks to her about the prior lawsuit. She also noticed that during every visit, she was made to wait longer than other customers to get her food. For these reasons, each visit is frustrating, embarrassing and uncomfortable for Plaintiff.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

17. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

18. Under the ADA, it is an act of discrimination to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association. 42 U.S.C. 12182(b)(1)(E); 28 CFR 36.205.

19. Here, Defendant discriminated against, and continues to discriminate against Plaintiff, because of her known association to Mr. Scherer, a person with disabilities who previously enforced his rights under the ADA and related state laws against Defendant. Plaintiff has been subjected to harassing, disparaging and unwelcoming comments by multiple of Defendant's employees and in front of other customers and employees when trying to avail herself of the goods and services of the Restaurant. Plaintiff has also been subjected to longer wait times than other customers. As a result, Plaintiff has suffered frustration, embarrassment and discomfort.

20. Plaintiff plans to return to the Restaurant to avail herself of the food and

drink sold there. The Restaurant is conveniently located near Plaintiff's home, provides convenient take out options during the COVID-19 pandemic, and is a restaurant she has frequented in the past. However, until Defendants cease their harassing, hostile, and unwelcoming treatment of Plaintiff, she will continue to be excluded and deterred from returning there, all to her damage.

21. The nature of Defendant's discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

22. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

23. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

24. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

25. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: December 8, 2020          CENTER FOR DISABILITY ACCESS

By: _____

Russell Handy, Esq.
Attorney for plaintiff

Complaint